**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW QUONAH JONES,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   16-70018<br><br>Agency No. A040-207-744<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Andrew Quonah Jones, a native and citizen of Liberia, and a citizen of The Netherlands, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reconsider and reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Jones's motion to reconsider as untimely, where he filed it more than 30 days after the final order of removal. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(2).

The BIA did not abuse its discretion in denying the motion to reopen, where the evidence, including evidence regarding Jones's efforts to marry, was not previously unavailable and did not establish prima facie eligibility for relief. *See* 8 U.S.C. § 1229a(C)(7); 8 C.F.R. § 1003.2(c)(1); *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (new evidence in support of a motion to reopen must not have been available at the time of the hearing).

Contrary to Jones's contentions, the BIA did not ignore or improperly analyze his contentions regarding his conviction for solicitation to possess marijuana for sale. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010); *Olivas-Motta v. Holder*, 716 F.3d 1199, 1200 (9th Cir. 2013) (the agency is confined to the record of conviction in determining whether an alien has been convicted of a crime involving moral turpitude).

We lack jurisdiction to review the BIA's denial of Jones's motion to the extent it concerns the same hardship grounds as his original application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 600-01 (9th

Cir. 2006) (8 U.S.C. § 1252(a)(2)(B)(i) bars jurisdiction over a motion to reopen where the question presented is essentially the same discretionary issue originally decided on the merits).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**